**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark E. Grant,<br><br>    Plaintiff,<br><br>vs.<br><br>State of Arizona, Department of Transportation (ADOT), *et al.*,<br><br>    Defendants. | No. CV 06-2769-PHX-RCB<br><br>**ORDER** |

   Currently pending before the court are four defense motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) (docs. 14, 19, 20 and 22).  Since the filing of these motions, however, on June 27, 2007, the defendant State of Arizona filed and served a "Notice of Suggestion of Death[,]" advising the court that on June 8, 2007, plaintiff Mark Grant died.  Doc. 43.

   Fed. R. Civ. P. 25 governs substitution of parties in the event, among other things, of death.  Subsection (a)(1) of that Rule provides in relevant part that "[u]nless the motion for substitution is made not later than 90 days after the death is

1  suggested upon the record by service of a statement of the fact of
2  the death as provided herein for the service of the motion, the
3  action *shall* be dismissed as to the deceased party." Fed. R. Civ.
4  P. 25(a)(1) (emphasis added).  Although, as noted above, a notice
5  of suggestion of plaintiff's death was filed with the court on June
6  27, 2007, no motion for substitution of plaintiff's legal
7  representative was ever made.  Thus, because such a motion was not
8  made, in accordance with Fed. R. Civ. P. 25(a)(1) and the case law
9  construing it, the court *sua sponte* dismisses this action.  See
10 Evans v. Alameida, 2006 WL 618298, at 81 n.1 (E.D. Ca. March 10,
11 2006) (citing Weil v. Investment/Indicators, Research and
12 Management, Inc., 647 F.2d 18, 21 n.5 (9th Cir. 1981), adopted in
13 full, 2006 WL 1774875 (E.D. Ca. June 26, 2006); see also Pauli v.
14 Bell, 92 B.R. 911, 912 (Bankr. E.D. Ca. 1988) (creditor's receipt
15 of repeated suggestions of debtor's death triggered Rule 25(a)(1)'s
16 90 day substitution period, and failure to substitute within that
17 90 day period warranted dismissal of adversary proceeding).  This
18 dismissal renders moot defendants' motions to dismiss on the
19 alternative basis of failure to state a claim pursuant to Fed. R.
20 Civ. P. 12(b)(6).
21      IT IS ORDERED that this action is dismissed and the Clerk is
22 directed to enter judgment for the defendant and terminate this
23 action.
24      DATED this 19th day of October, 2007.
25
26                              _____
27                              Robert C. Broomfield
                                Senior United States District Judge
28 copies to all counsel of record

- 2 -